UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:19-cr-00021-DRL-SLC |
| ) | |
| GARY T. MCCALEB, *also known as* ) | |
| GARY MCCALEB ) | |

**FINDINGS AND RECOMMENDATION
OF THE MAGISTRATE JUDGE
UPON A PLEA OF GUILTY**

TO:   THE HONORABLE DAMON R. LEICHTY,
      UNITED STATES DISTRICT COURT

Upon Defendant's request to enter pleas of guilty pursuant to Rule 11 of the Federal Rules of Criminal Procedure, this matter came on for hearings before U.S. Magistrate Judge Paul R. Cherry, on December 10, 2020, and February 16, 2021, with the written consents of Defendant, counsel for Defendant, and counsel for the United States of America.

For the proceedings on December 10, 2020, the Magistrate Judge, and counsel for Defendant, and counsel for the United States were physically present in the courtroom with the courtroom deputy clerk.  Defendant participated by video teleconference from the detention facility where he is in custody.  Defendant consented to appearing by video teleconference, and both he and his lawyer stated that they had discussed the matter.  Defendant's image and voice were clear, and I confirmed that he could see and hear me and counsel clearly.  For the proceedings on February 16, 2021, the Magistrate Judge, counsel for the United States of America, counsel for Defendant, and Defendant were physically present in the courtroom with the courtroom deputy clerk.

As to the December 10, 2020, hearing, I initially proceeded without Defendant physically

present because, during the national emergency created by the novel coronavirus (COVID-19) pandemic, Defendant could not have been physically present without seriously jeopardizing public health and safety.  *See* General Order No. 2020-08 (implementing Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136 ("CARES Act"), and March 29, 2020, action by Judicial Conference authorizing video teleconferencing or teleconferencing under certain circumstances); General Order 2020-39 (extending the authorization for use of video teleconferencing or teleconferencing for the instances described in General Order 2020-08).

I did not further postpone the pleas because Defendant's lawyer contended, and I FIND, that further delay of the pleas would have caused serious harm to the interests of justice. Specifically, I FIND that the pleas in this case could not have been further delayed without serious harm to the interests of justice because:

(1) delaying the proceedings further to accommodate an in-person plea hearing at that time would have been impracticable given that there is no ascertainable end to the current National Emergency stemming from the COVID-19 virus, and the interests of justice would have been seriously harmed by prolonged, indefinite delays of the plea hearing in light of Defendant's desire to plead guilty;

(2) proceeding with the plea hearing by video teleconference at that time reduced the potential that any necessary participant in the hearing—including, specifically, Defendant, Defendant's counsel, the Assistant United States Attorney, and/or any relevant case agent(s) with personal knowledge of the case—may become unavailable or unable to attend a plea hearing in person due to illness; and

(3) delay of the felony pleas in this case would have also delayed the sentencing

proceedings for an indeterminate period of time, which delay may – depending upon the sentence imposed and Defendant's eligibility to receive credit for time served –have resulted in Defendant remaining incarcerated for a longer period of time than if Defendant were to enter guilty pleas at the currently scheduled hearing and proceed to sentencing in the normal course.

The hearing, however, was ultimately continued to February 16, 2021, so that Defendant could be fully informed as to the factual basis for his plea to Count 7 of the Superseding Indictment.

The hearings on Defendant's pleas of guilty were in full compliance with Rule 11, Federal Rules of Criminal Procedure, as supplemented by, and in accordance with, Section 15002 of the CARES Act and General Orders 2020-08 and 2020-39.

I FIND as follows:

(1) that Defendant understands the nature of the charges against him to which the pleas are offered;

(2) that Defendant understands his right to trial by jury, to persist in his pleas of not guilty, to the assistance of counsel at trial, to confront and cross-examine adverse witnesses, and his right against compelled self-incrimination;

(3) that Defendant understands what the maximum possible sentences are, including the effect of the supervised release terms, and Defendant understands that the Sentencing Guidelines apply and that the Court may depart from those guidelines under some circumstances;

(4) that the pleas of guilty by Defendant have been knowingly and voluntarily made and are not the result of force or threats or of promises apart from the plea agreement between the parties;

(5) that Defendant is competent to plead guilty;

(6) that Defendant understands that his answers may later be used against him in a prosecution for perjury or false statement;

(7) that there is are factual bases for Defendant's pleas; and further,

I RECOMMEND that the Court accept Defendant's pleas of guilty and that Defendant be adjudged guilty of the offenses charged in Counts 1, 3, and 7 of the seven-count Superseding Indictment, and have sentences imposed. A Presentence Report has been ordered. Should this Findings and Recommendation be accepted and Defendant adjudged guilty, sentencing will be scheduled before District Judge Damon R. Leichty by separate order and notice. Objections to the Findings and Recommendation are waived unless filed and served within fourteen (14) days. 28 U.S.C. § 636(b)(1)(B).

DATED this 16th day of February 2021.

/s/ Paul R. Cherry
Paul R. Cherry,
United States Magistrate Judge